1

2

3

4

5

6

7

8

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DALLAS BUYERS CLUB LLC, | Case No. 3:15-cv-05312-LB |
| Plaintiff, | |
| | **ORDER GRANTING THE PLAINTIFF'S EX PARTE MOTION TO TAKE EARLY DISCOVERY** |
| v. | |
| DOE-50.174.109.117, | [Re: ECF No. 5] |
| Defendant. | |

## INTRODUCTION

Dallas Buyers Club LLC ("DBC") owns the copyright for the motion picture Dallas Buyers Club. It alleges that someone — the Doe defendant here — who uses the IP address 50.174.109.117 infringed on that copyright. Despite its own efforts, DBC has not been able to identify the individual associated with that IP address. DBC now asks the court to let it serve a subpoena on non-party Comcast Cable, presumably the Doe defendant's internet service provider, to learn the Doe defendant's identity. Because DBC has demonstrated that good cause exists to allow it to serve a subpoena, the court grants the motion.

## STATEMENT

DBC is the registered copyright holder of the motion picture *Dallas Buyers Club*. (Complaint,

1  ECF No. 1, ¶¶ 4, 6.[1]) *Dallas Buyers Club* contains wholly original material that is copyrightable

2  subject matter, and it is currently offered for sale in commerce. (*Id.* ¶¶ 8-9.)

3  The Doe defendant, who uses the Comcast Cable-provided IP address 50.174.109.117,

4  allegedly downloaded, without DBC's permission, a distinct copy of *Dallas Buyers Club* on

5  various occasions between August 5, 2015 and November 10, 2015. (*Id.* ¶¶ 12-13, 15, 21, Ex. A.)

6  The Doe defendant used the software µTorrent 3.4.5 to do this. (*Id.* ¶ 16.) Through well-accepted

7  geolocation technology, DBC has traced each download made to the Doe defendant's IP address

8  to the Northern District of California. (*Id.* ¶ 14.)

9  The Doe defendant also has downloaded a large number of other copyrighted works. (*Id.* ¶ 17.)

10  DBC alleges that the consistency of the observed activity, as well as the number and titles of the

11  copyrightable works, indicates that the Doe defendant is an identifiable and singular adult who

12  likely is the primary subscriber of the IP address or someone who resides with and is known to the

13  subscriber, because the activity suggests that the Doe defendant is an authorized user of the IP

14  address with consistent and permissive access to it. (*Id.* ¶¶ 19-20.)

15  DBC alleges on information and belief that Comcast Cable generally assign an IP address to a

16  single party for extended periods of time. (*Id.* ¶ 21.) It also alleges that records maintained by

17  Comcast Cable should be able to identify either the Doe defendant, or the subscriber who

18  contracted with Comcast Cable for internet service and is likely to have knowledge that will help

19  DBC identify the Doe defendant. (*Id.* ¶ 22.)

20  On November 19, 2015, DBC filed a complaint against the Doe defendant, alleging one claim

21  for copyright infringement under the Copyright Act. (*See generally id.*) On November 25, 2015,

22  DBC filed an ex parte motion asking the court to allow it to serve Comcast Cable with a subpoena

23  under Federal Rule of Civil Procedure 45. (Motion, ECF No. 5.) DBS says that the subpoena will

24  be limited to the name and address of the individual/individuals associated with the Doe

25  defendant's IP address. (*Id.* at 2.)

26

27

28  [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**GOVERNING LAW**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g., IO Grp., Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Tex. Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citations omitted). "'[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

**ANALYSIS**

DBC has made a sufficient showing under each of the four *seescandy* factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendant.

First, DBC has identified the Doe defendant with sufficient specificity that the court can determine that he or she is a real person who can be sued in federal court. It alleges that the Doe

ORDER (No. 3:15-cv-05312-LB)

3

1   defendant has downloaded Dallas Buyers Club and a large number of other copyrighted works,

2   and that the consistency of the observed activity, as well as the number and titles of the

3   copyrightable works, indicates that the Doe defendant is an identifiable and singular adult who

4   likely is the primary subscriber of the IP address or someone who resides with and is known to the

5   subscriber. (Complaint, ECF No. 1, ¶¶ 17, 19-20.) DBC also has traced each download made to

6   the Doe defendant's IP address to the Northern District of California, thus giving the court

7   jurisdiction over him and DBC's federal claim. (*Id.* ¶ 14.)

8        Second, DBC has recounted the steps taken to locate and identify the Doe defendant. The Doe

9   defendant used the software μTorrent 3.4.5 to download Dallas Buyers Club to his IP address, and

10  his IP address was traced to this district. (*Id.* ¶¶ 14, 16.) The IP address alone, however, is not

11  sufficient for DBC to identify the Doe defendant.

12       Third, DBC has demonstrated that its copyright claim could withstand a motion to dismiss. A

13  plaintiff "must satisfy two requirements to present a prima facie case of direct infringement: (1)

14  [he or she] must show ownership of the allegedly infringed material and (2) [he or she] must

15  demonstrate that the alleged infringers violate at least one exclusive right granted to copyright

16  holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th

17  Cir. 2007) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)); *see*

18  17 U.S.C. § 501(a). Under Section 106, a copyright holder has the exclusive rights to reproduce,

19  distribute, publicly display, perform, and create derivative works of the copyrighted work. Direct

20  copyright infringement does not require intent or any particular state of mind. *Fox Broad. Co, Inc.*

21  *v. Dish Network, LLC*, 905 F. Supp. 2d 1088, 1098-99 (C.D. Cal. 2012); *Religious Tech. Ctr. v.*

22  *Netcom On-Line Commc'n Servs.*, Inc., 907 F. Supp. 1361, 1367 (N.D. Cal. 1995). DBC alleges

23  that it holds the copyright for *Dallas Buyers Club* and that the Doe defendant downloaded (and

24  thus copied) *Dallas Buyers Club* without its permission. (Complaint, ECF No. 1, ¶¶ 4, 6, 12-13,

25  15, 21, Ex. A.) DBC has sufficiently alleged a prima facie claim for copyright infringement.

26       Fourth, DBC has shown that the discovery it seeks is reasonably likely to lead to identifying

27  information that will permit service of process on the Doe defendant. DBC alleges on information

28  and belief that Comcast Cable generally assign an IP address to a single party for extended periods

United States District Court
Northern District of California

ORDER (No. 3:15-cv-05312-LB)

4

of time and that Comcast Cable's records should identify either the Doe defendant or the subscriber who knows the Doe defendant. (*Id.* ¶¶ 21-22.)

## CONCLUSION

Good cause appearing, the court grants DBC's ex parte motion. The court directs DBC to file a proposed subpoena and a proposed order, *see* N.D. Cal. Civ. L.R. 7-2(c), for the court's approval by December 10, 2015. Once the court approves the subpoena, DBC may serve it on Comcast Cable.

**IT IS SO ORDERED.**

Dated: December 3, 2015

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California